UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL CHARLES,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | Case No. 20-cv-07854-HSG   (JSC)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br>Re: Dkt. No. 28 |

Now pending before the Court is a discovery dispute joint letter regarding Plaintiff's request to inspect and test the aisle where Plaintiff allegedly slipped and fell. (Dkt. No. 28.) After reviewing the parties' submission, the Court concludes that oral argument is not necessary. *See* N.D. Cal. Civ. L.R. 7-1(b).

"A party may serve on any other party a request within the scope of Rule 26(b): . . . (2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, *test*, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2) (emphasis added). Thus, Plaintiff's request is made in accordance with the Federal Rules of Civil Procedure.

Defendant's insistence that Plaintiff must show substantial similarity between the test she seeks to take and the accident conditions before she is allowed onto the premises to conduct her test is not persuasive. The case Defendant cites addresses the admissibility into evidence of tests, not a party's ability to stop the opposing party from even conducting the test. *See Johnson v. Am. Honda Motor Co.*, No. CV 10-126-M-JCL, 2012 WL 1027588, at *12 (D. Mont. Mar. 26, 2012). If, once the test is performed and the expert report disclosed, Defendant believes the test results are not admissible, then Defendant can move to exclude the test at that time.

Defendant also demands that Plaintiff first provide it with a detailed protocol identifying the equipment to be used for the testing and how it will be used. This demand is premature. Should Plaintiff's expert decide to rely on the test, then all must be revealed in the expert report and Defendant will have the opportunity to challenge the process and result. Plaintiff must, however, ensure that when the inspection and testing are complete the floor is in the same condition as before the testing.

Plaintiff has not shown good cause for inspection of the video system.

Accordingly, Plaintiff's motion to compel is granted in part. Defendant shall allow Plaintiff to inspect Aisle A21 beginning at 7:00 a.m. (before store opening time). On or before June 25, 2021 the parties shall agree to an inspection date.

This Order disposes of Docket Nos. 23, 28.

**IT IS SO ORDERED.**

Dated: June 23, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge