1  Siamak Vaziri, Esq.
2  Matthew M. Taylor, Esq.
   VAZIRI LAW GROUP, A.P.C.
3  5757 Wilshire Blvd., Suite 670
4  Los Angeles, CA 90036-3692
   Tel: (310) 777-7540
5  Fax: (310) 777-0373
6  Email: mtteam@vazirilaw.com

7  Arin Khodaverdian, Esq.
8  ALPINE LAW GROUP, A.P.C.
   17500 Red Hill Ave., Suite 100
9  Irvine, CA 92614
10 Tel: (800 891-5458
   Fax: (800) 891-5458
11 Email: arin@alpinelawgroup.com

12
   Attorneys for Plaintiff
13 CHERYL CHARLES

14
   Renée Welze Livingston – SBN 124280
15 LIVINGSTON LAW FIRM
   A Professional Corporation
16 1600 South Main Street, Suite 280
17 Walnut Creek, CA  94596
   Tel: (925) 952-9880
18 Fax: (925) 952-9881
19 Email: rlivingston@livingstonlawyers.com

20 Attorneys for Defendant
   TARGET CORPORATION
21

22
23                    UNITED STATES DISTRICT COURT
24                   NORTHERN DISTRICT OF CALIFORNIA

25 | CHERYL CHARLES, | ) Case No. 4:20-cv-07854-HSG |
   |---|---|
26 | Plaintiff, | ) **STIPULATION AND ORDER TO** |
   | | ) **CONTINUE TRIAL AND** |
27 | v. | ) **OTHER DEADLINES** |
28 | TARGET CORPORATION, | ) |

and DOES 1 to 50, Inclusive,                )
                                             )
                            Defendants.      )
                                             )

Plaintiff CHERYL CHARLES and defendant TARGET CORPORATION, through their respective counsel, hereby stipulate pursuant to Local Rule 6-2 and 7-12 as follows:

WHEREAS the parties have engaged in discovery and encountered delays and disputes as set forth more fully below;

**DEPOSITION OF PLAINTIFF**

WHEREAS defendant TARGET CORPORATION originally noticed the deposition of plaintiff CHERYL CHARLES to occur in-person on April 16, 2021, and then on May 11, 2021, but plaintiff objected to an in-person deposition due to COVID-19 concerns. Plaintiff was willing to sit for a zoom/remote deposition, but TARGET CORPORATION insisted on conducting the deposition in-person;

WHEREAS plaintiff represented to the Court she received her second COVID-19 vaccination in late June 2021;

WHEREAS TARGET CORPORATION noticed the in-person deposition of plaintiff for July 29, 2021, but due to a medical condition limiting her ability to speak, concurrent with fear of contracting break-through delta variant Covid-19, plaintiff cancelled the deposition on July 28, 2021. Plaintiff thereafter provided a letter from her physician, Mark A. Beltran, M.D., dated July 29, 2021, that Plaintiff has been followed in his clinic for several years for her medical care and among her problems is Multiple Sclerosis. He further stated that periods of stress and anxiety can aggravate symptoms of multiple sclerosis, and in her case, can manifest as slurring or speech, and difficulty with articulation. Due to a current such episode, Plaintiff was unable to talk clearly and "cannot participate in any activity until she has recovered sufficiently." He recommended she be excused

1  from all upcoming appointments and deposition for medical reasons through
2  September 3, 2021.  On September 2, 2021, plaintiff's condition not sufficiently
3  improving, Dr. Beltran provided a second letter, recommending that Plaintiff be
4  excused from all upcoming appointments and depositions for medical reasons
5  through October 3, 2021. As a result, Defendant still has not been able to conduct
6  the deposition of plaintiff.

7  **RULE 35 EXAMINATION OF PLAINTIFF**

8  WHEREAS defendant TARGET CORPORATION requested stipulation for
9  a Rule 35 Examination of plaintiff with orthopedic surgeon Thomas Sampson,
10 M.D. on May 19, 2021;

11 WHEREAS plaintiff objected to certain provisions of the proposed
12 stipulation concerning the taking of a medical history and a history of the incident
13 and wanted to have a representative present during the examination;

14 WHEREAS defendant submitted a request to the Court for an informal
15 discovery conference to address the disputed issues concerning a Rule 35 medical
16 examination;

17 WHEREAS the parties discussed the issue of the Rule 35 examination
18 during the informal discovery conference with Magistrate Corley on June 17, 2021,
19 and the Court felt the medical examiner could ask questions concerning plaintiff's
20 medical history and history of the incident but needed guidance/case authority on
21 the issue of whether plaintiff could have a representative present during the
22 examination;

23 WHEREAS the parties reached a stipulation as to the scope and terms of the
24 Rule 35 examination, memorialized in a separate Stipulation, for the examination
25 to take place on August 24, 2021.  However, given the medical note from Dr.
26 Beltran and the uncertainty of plaintiff's ability to participate verbally in that exam
27 given her present condition, she was unable to proceed with the examination on
28

August 24, 2021.

**DEPOSITION OF TARGET'S PMQ AND FORMER TEAM MEMBER JACKIE SHORT**

WHEREAS certain TARGET CORPORATION depositions have taken place during the non-expert discovery phase of the case, yet other depositions of TARGET CORPORATION personnel remain outstanding. Counsel for defendant TARGET CORPORATION had previously offered the depositions of TARGET CORPORATION'S Person Most Qualified as to certain subjects, as well as former employee, Ms. Jackie Short, for August 26, 2021. On August 25, 2021, defendant TARGET CORPORATION took the depositions off calendar because they had not been confirmed with the witnesses. TARGET CORPORATION also indicated that alternative dates would be provided for the TARGET CORPORATION depositions "once we get dates for plaintiff's deposition and medical exam. It has pretty much been one-way discovery process thus far…." New dates have not yet been set.

WHEREAS the aforementioned depositions and the medical examination of Plaintiff by Dr. Sampson are necessary before the parties are ready to meaningfully mediate this matter with agreed-to private mediator, Retired Judge Bonnie Sabraw. Mediation will be scheduled once the aforementioned discovery has been completed.

THEREFORE, the parties jointly request the Court to modify the Scheduling Order as follows:

1. The date for completion of fact discovery shall be October 29, 2021;
2. The date for exchange of opening expert reports shall be November 19, 2021, 2021;
3. The date for exchange of rebuttal reports shall be December 10, 2021;

4.     Close of expert discovery shall be January 7, 2021.

5.     Dispositive Motion hearing cutoff shall be February 10, 2022.

6.     Pre-Trial Conference shall be May 10, 2022.

7.     Trial shall be June 6, 2022.

Plaintiff's counsel hereby attests under penalty of perjury under the laws of the State of California that the signatories hereto have concurred with the filing of this Stipulation.

Respectfully submitted,

Dated: September 14, 2021      VAZIRI LAW GROUP, A.P.C.

By: */s/ Matt Taylor*
Matthew M. Taylor, Esq
Attorneys for Plaintiff
CHERYL CHARLES

Dated: September 14, 2021      LIVINGSTON LAW FIRM

By: */s/ Renée Welze Livingston*
Renée Welze Livingston
Attorneys for Defendant
TARGET CORPORATION

## **ORDER**

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that the Scheduling Order (Dkt. No. 18) be modified as requested by the parties above.

DATED: 9/21/2021

**DENIED**

*Haywood S. Gilliam Jr.*
Judge Haywood S. Gilliam Jr.

HON. _____, JR.
U.S. DIS_____