Renée Welze Livingston – SBN 124280
LIVINGSTON LAW FIRM
A Professional Corporation
1600 South Main Street, Suite 280
Walnut Creek, CA  94596
Tel: (925) 952-9880
Fax: (925) 952-9881
Email: rlivingston@livingstonlawyers.com

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL CHARLES,<br><br>          Plaintiff,<br><br>     v.<br><br>TARGET CORPORATION,<br>and DOES 1 to 50, Inclusive,<br><br>          Defendants. | Case No. 4:20-cv-07854-HSG<br><br>**ADMINISTRATIVE MOTION BY DEFENDANT TARGET CORPORATION TO ENLARGE TIME TO RESPOND TO MOTION FOR ISSUE AND/OR EVIDENTIARY SANCTIONS AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S DOCUMENTS SHOULD BE SEALED (DOC 42); DECLARATION OF RENÉE WELZE LIVINGSTON IN SUPPORT OF MOTION; ORDER**<br><br>Hearing Date: 6/30/2022<br>Time: 2:00 p.m.<br>Courtroom: 2<br>Trial Date: 11/28/2022 |

Pursuant to Civil Local Rule 7–11, Defendant TARGET CORPORATION ("TARGET") moves the Court for an Order to enlarge the time to respond to Plaintiff's Motion for Issue and/or Evidentiary Sanctions and Administrative Motion to Consider Whether Another Party's Documents Should be Sealed (Doc 42) <u>by two weeks</u>. Upon the filing of the Motion, the Court set the motions for hearing on June 30, 2022, and set a briefing schedule that requires TARGET's responses to the motion by March 11, 2022.  Counsel for TARGET is out of the office on a long pre-planned vacation in Alaska from March 3 through 11, 2022 and will not

have ability to respond to the motions. As set forth below in the Declaration of Renée Welze Livingston, this administrative motion is necessitated because counsel for Plaintiff will not stipulate or did not respond to three written requests for a stipulation to enlarge the time briefing schedule.

### 1. CASE BACKGROUND

This case involves a slip and fall by Plaintiff CHERYL CHARLES on an unknown alleged substance on the floor of the Beauty Department at TARGET's Colma, California store on February 2, 2018. TARGET removed the case to Federal Court on diversity jurisdiction and the matter previously set for trial on February 28, 2022. Plaintiff presented medical notes from her treating physician to the effect Plaintiff could not participate in any litigation-related matters from July 28, 2022 until December 28, 2022, and TARGET was prevented from conducting her deposition, securing a Rule 36 medical examination or filing a motion for summary judgment. Accordingly, the Court modified its Scheduling Order to accommodate Plaintiff's medical condition and allow TARGET time to conduct discovery and file a dispositive motion. Trial is currently set for November 28, 2022.

### 2. PROCEDURAL BACKGROUND OF CURRENT MOTIONS

At 4:40 p.m. on Friday, February 25, 2022, TARGET received ECF notice of Plaintiff's Motion for Issue and/or Evidentiary Sanctions and Administrative Motion to Consider Whether Another Party's Documents Should be Sealed (Doc 42) and the Court's briefing schedule that set TARGET's deadline for responding to the motion on March 11, 2022. Because TARGET's counsel was scheduled to leave for a pre-planned family vacation in Alaska on March 3, 2022 and would not be returning until March 11, 2022, in addition to being committed in all-day depositions on March 1 and 2, 2022, TARGET immediately sought a stipulation from Plaintiff to enlarge the briefing schedule.

### 3. ATTEMPTS TO SECURE STIPULATION

TARGET made three attempts in writing to secure a stipulation from Plaintiff to enlarge the briefing schedule: Sunday February 27, 2022 at 11:06 a.m.; Monday February 28, 2022 at

2:13 p.m.; and Thursday March 3, 2022 at 8:48 a.m. Those communications referenced counsel's vacation dates and the Court's preference for matters of this sort to be resolved by the parties. In the final communication, TARGET indicated it would file this motion to enlarge the time to respond to the motions if Plaintiff did not respond by noon on March 3, 2022. As of that time, counsel for Plaintiff has not responded to any of the three email communications, thus necessitating this motion. In fact, this motion is being prepared while counsel is enroute to Alaska.  The three emails are attached to the Declaration of Renée Welze Livingston filed in support of this motion.

### 4. GOOD CAUSE FOR AN ENLARGEMENT OF THE BRIEFING SCHEDULE

#### A. The Guidelines for Professional Conduct on the Northern District Provide Guidance for the Present Request

Paragraph 4 governs Continuances and Extension of Time:

Consistent with existing law and court orders, a lawyer should agree to reasonable requests for extensions of time when the legitimate interests of his or her client will not be adversely affected.
*For example:*
1. A lawyer should agree to reasonable requests for extensions of time or continuances without requiring motions or other formalities.

…

In the present case, TARGET swiftly and repeatedly over five days requested an enlargement of time to respond to the motions due to a pre-planned family vacation. The request for enlargement was not for an unreasonable amount of time – just two weeks – and offered a similar accommodation for enlargement of Plaintiff's time to reply.  TARGET did not receive a response from Plaintiff as of the time this motion was filed.

#### B. Counsel for TARGET had a pre-planned vacation in Alaska.

As indicated in the Declaration of Renée Welze Livingston, counsel's family vacation to Alaska has been planned since November 2021. TARGET had not notice that the motions filed by Plaintiff were going to be filed; in fact, but for Plaintiff's medical condition, this matter would

have started trial on February 28, 2022.

### C. There is No Prejudice to Plaintiff to Enlarge the Time for TARGET's Response to the Motions and Great Prejudice to TARGET and Counsel without an Order

Given that hearing on the motions has been set for June 30, 2022, there is time for the Court to allow additional time for briefing, and still consider the briefing before ruling on the motions or conducting hearing. TARGET will be prejudiced by the current briefing schedule given its counsel is out of town on vacation. The request for two additional weeks to file a response is reasonable. Although TARGET requested input from Plaintiff on both a stipulation and proposed briefing schedule, Plaintiff did not respond or even propose a different schedule. Under the circumstances, TARGET requests the Court grant its administrative motion for enlargement of its time to respond to the motions to March 25, 2022.

Dated:  March 3, 2022                          LIVINGSTON LAW FIRM


By */s/ Renée Welze Livingston*
Renée Welze Livingston
Attorneys for Defendant
TARGET CORPORATION

### DELCARATION OF RENÉE WELZE LIVINGSTON IN SUPPORT OF MOTION

I, Renée Welze Livingston, declare as follows:

1. I am an attorney duly licensed and in good standing in the State of California and the United States District Court for the Northern District of California. I have personal knowledge of the facts stated in this Declaration.

2. This case involves a slip and fall by Plaintiff CHERYL CHARLES on an unknown alleged substance on the floor of the Beauty Department at TARGET's Colma, California store on February 2, 2018. TARGET removed the case to Federal Court under diversity jurisdiction and the matter previously set for trial on February 28, 2022. Plaintiff presented medical notes from her treating physician to the effect Plaintiff could not participate in any litigation-related

---

*Charles v. Target Corporation,* Case No. 4:20-cv-07854-HSG
ADMINISTRATIVE MOTION BY DEFENDANT TARGET CORPORATION TO ENLARGE TIME TO RESPOND TO MOTION FOR ISSUE AND/OR EVIDENTIARY SANCTIONS AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S DOCUMENTS SHOULD BE SEALED (DOC 42)
-4-

1  matters from July 28, 2022 until December 28, 2022, and TARGET was prevented from
2  conducting her deposition, securing a Rule 36 medical examination or filing a motion for
3  summary judgment. Accordingly, the Court modified its Scheduling Order to accommodate
4  Plaintiff's medical condition and allow TARGET time to conduct discovery and file a dispositive
5  motion. Trial is currently set for November 28, 2022.

6      3.   At 4:40 p.m. on Friday, February 25, 2022, I received ECF notice of Plaintiff's
7  Motion for Issue and/or Evidentiary Sanctions and Administrative Motion to Consider Whether
8  Another Party's Documents Should be Sealed (Doc 42) and the Court's briefing schedule that set
9  TARGET's deadline for responding to the motion on March 11, 2022. This is the first notice I
10 had of either motion. Because I was scheduled to leave for a pre-planned family vacation in
11 Alaska on March 3, 2022 and would not be returning until March 11, 2022, in addition to being
12 committed in all-day depositions on March 1 and 2, 2022, I immediately sought a stipulation
13 from Plaintiff's lead counsel Matthew Taylor to enlarge the briefing schedule.

14     4.   I made three attempts in writing to secure a stipulation from Plaintiff to enlarge
15 the briefing schedule: on Sunday February 27, 2022 at 11:06 a.m.; on Monday February 28, 2022
16 at 2:13 p.m.; and on Thursday March 3, 2022 at 8:48 a.m. Those communications referenced my
17 vacation dates and the Court's preference for matters of this sort to be resolved by the parties. I
18 encouraged informal resolution of this matter to avoid a motion. In the final communication
19 today, I indicated I would file this motion to enlarge the time to respond to the motions if
20 Plaintiff did not respond by noon on March 3, 2022. As of that time, counsel for Plaintiff has not
21 responded to any of the three email communications, thus necessitating this motion. In fact, this
22 motion is being prepared while I was enroute to Alaska.  True and correct copies of the three
23 emails I sent to counsel for Plaintiff are attached hereto.

24     5.   My client, TARGET, will be prejudiced if the Court does not enlarge the time for me to
25 respond to the motions. I am lead trial counsel in this matter and have attended all hearings and
26 depositions. There is no other attorney in my office who has knowledge of this case or can reply
27 to the motions. There is no prejudice to extend the time to respond to the motions given that

28 *Charles v. Target Corporation,* Case No. 4:20-cv-07854-HSG
ADMINISTRATIVE MOTION BY DEFENDANT TARGET CORPORATION TO ENLARGE TIME TO RESPOND TO MOTION FOR ISSUE AND/OR EVIDENTIARY SANCTIONS AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S DOCUMENTS SHOULD BE SEALED (DOC 42)
-5-

hearing is not until June 30, 2022, yet there is great prejudice to TARGET on a case that has had many delays previously due to Plaintiff's medical condition.

6. I respectfully request the Court to enlarge the time for TARGET to respond to the motions until March 25, 2022.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was signed in Seattle, WA.

*/s/ Renée Welze Livingston*

### ORDER

The Administrative Motion of Defendant Target Corporation to Enlarge Time to Respond to Plaintiff's Motion for Issue and/or Evidentiary Sanctions and Administrative Motion to Consider Whether Another Party's Documents Should be Sealed including Declaration of Renée Welze Livingston was considered by the Court. The Court finds Good Cause to grant the Motion.

IT IS HEREBY ORDERED that Defendant Target Corporation shall have until March 25, 2022 to respond to the Motions (Doc 42).

DATED: 3/4/2022

HON. HAYWOOD S. GILLIAM, JR.
U.S. DISTRICT COURT JUDGE