UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL CHARLES,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No. 20-cv-07854-HSG<br><br>**ORDER DENYING MOTION FOR SANCTIONS AND GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. Nos. 42, 50 |

Pending before the Court is a motion for sanctions filed by Plaintiff Cheryl Charles. Dkt. No. 42. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

**I.   MOTION FOR SANCTIONS**

Plaintiff alleges that she was injured after she slipped and fell while in a Target store in Colma on February 2, 2018. *See* Dkt. No. 1-1. Ex. A ("Compl."). Plaintiff contends that she slipped on baby powder that had spilled in the aisle. *See* Dkt. No. 51 at 11. As relevant to this motion, Plaintiff contends that Defendant Target Corporation failed to preserve sufficient footage of the incident from its in-store video surveillance system. *See* Dkt. No. 42 at 9–10. It is undisputed that following the incident Defendant kept approximately an hour of footage, including 30 minutes from before Plaintiff's fall and 30 minutes after. *Compare id.* at 10, *with* Dkt. No. 49 at 2. This is consistent with Defendant's written retention policy. *See* Dkt. No. 42-2, Ex. 1 ("Wong Depo.") at 58:24–59:9, 62:1–63:16. At the time Defendant saved the footage, this case had not been filed and counsel had not sent a demand or preservation letter. *See id.*; *see also* Compl. (filed January 31, 2020); Dkt. No. 42, Ex. C (preservation letter from Plaintiff's counsel

asking for surveillance footage on February 20, 2018). Despite her conclusory suggestion to the contrary, Plaintiff does not offer any evidence that Defendant destroyed the remaining video footage after it had been contacted by counsel or received any indication—other than the fall itself—that Plaintiff was pursuing litigation. Plaintiff does not identify or provide any evidence as to when the footage was destroyed. *See, e.g.*, Dkt. No. 451 at 8 ("Defendant did not save enough footage to show relevant events from before the incident – despite knowing about the incident immediately and also receiving Plaintiff's preservation letter 18 days later."); *see id.* at 7–10, & n.5 ("Saving in-store video footage which could show the cause of an accident before it happens in instances when Defendant has knowledge that such an accident occurred is the duty in question.").

Plaintiff nevertheless urges that Defendant's retention policy is insufficient, and says it should have preserved additional footage from before Plaintiff's fall. *See* Dkt. No. 51 at 4–5, & n.1. Plaintiff posits that such footage could establish what—if any—substance spilled on the aisle and whether Defendant had actual or constructive knowledge of it. *See* Dkt. No. 42 at 2, 12, 17. Accordingly, Plaintiff seeks issue sanctions in the form of a finding "that Defendant has been adjudicated to have been negligent," and is therefore liable for Plaintiff's injuries. *See id.* at 2–3. Plaintiff also seeks evidentiary sanctions precluding Defendant from introducing evidence that it lacked notice of the condition that caused Plaintiff to fall; that it inspected the floors at any time on the date Plaintiff fell; or that Defendant has a policy of inspecting its floors at regular intervals. *Id.* As Plaintiff appears to acknowledge, such sanctions would virtually dispose of this case: "[T]he only issue to be tried will be the nature and extent of Plaintiff's damages." *See id.* at 2.

"A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). The party seeking sanctions bears the burden of establishing that they are warranted. *See Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 766 (9th Cir. 2015). The Court finds that Plaintiff has not met that burden here. Defendant preserved approximately an hour of surveillance footage of the incident starting weeks before it received a preservation letter from counsel and years before Plaintiff actually filed this lawsuit. Plaintiff suggests that Defendant nevertheless had notice of Plaintiff's possible claim when she fell in its store, such that

2

it should have kept more footage.  *See* Dkt. No. 42 at 9; *see also* Wong Depo. at 54:7–12, 63:5–16, 88:19–89:15 (Target employee testifying that he was present at the time Plaintiff fell and preserved the hour of video footage per Target policy).  She further urges that "Defendant had an obligation to preserve the relevant video footage . . . ." Dkt. No. 51 at 13.  Critically, however, Plaintiff has failed to cite any authority showing that sanctions are appropriate under these circumstances.[1]  *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) ("A party's destruction of evidence qualifies as willful spoliation if the party has some notice that the documents were potentially relevant *to the litigation* before they were destroyed." (emphasis added) (quotation omitted)); *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001–02 (9th Cir. 2002) (affirming finding of no spoliation where company destroyed potentially relevant documents in its normal course of business).  The motion is therefore **DENIED**.

## II.   MOTION TO SEAL

### A.   Legal Standard

Courts generally apply a "compelling reasons" standard when considering motions to seal documents.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'"  *Id.* (quoting *Kamakana*, 447 F.3d at 1178).  "[A] strong presumption in favor of access is the starting point."  *Kamakana*, 447 F.3d at 1178 (quotations omitted).  To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events."  *Id.* at 1178–79 (quotations omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

---

[1] The Court notes that Plaintiff cites almost exclusively cases applying California law.  Even if those cases were relevant, they do not support the broad sanctions she seeks here.

3

scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must explain "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**B.     Discussion**

Defendant seeks to file under seal several documents submitted in opposition to the motion for sanctions: (1) deposition excerpts from Target's 30(b)(6) witness, Wallace Wong; (2) the surveillance video of the incident; and (3) an internal document regarding Target's policies and procedures for guest incidents in its stores. *See* Dkt. No. 50. Because these filings are more than tangentially related to the underlying cause of action, the Court applies the "compelling reasons" standard. Defendant argues that all three documents should be sealed because they relate to its confidential training materials and information regarding its internal policies. Defendant urges

1  that the disclosure of this information could be used by competitors to gain an advantage from
2  Target's time, expense, and expertise.
3  However, parts of the deposition excerpts of Mr. Wong are already on the public docket.
4  *See* Dkt. No. 42-2, Ex. 1.  And the remaining excerpts do not contain specific information about
5  Target's internal policies or practices.  *See* Dkt. No. 50-2, Ex. E.  They offer little more than
6  confirmation that Defendant has video surveillance in its stores and preserved footage of this
7  specific incident according to its policies.  Defendant has failed to explain how any of these
8  excerpts would cause it competitive harm.  Similarly, Defendant has failed to explain how the
9  surveillance footage of the incident reveals confidential information about Target's policies or
10 procedures.  *See* Dkt. No. 50-3, Ex. F.  The Court therefore **DENIES** the motion to seal as to these
11 documents.
12 In contrast, the Court finds that the internal document detailing Target's internal policies
13 and procedures for guest incidents divulges confidential business information and is unrelated to
14 the public's understanding of the judicial proceedings in this action.  *See* Dkt. No. 50-4, Ex. G.
15 The Court did not rely on this document as part of its analysis denying the motion for sanctions,
16 and the parties' briefs and other exhibits provide the necessary context to understand the Court's
17 decision.  Accordingly, the Court finds that there is compelling reason to file this documents under
18 seal and **GRANTS** the motion to seal as to this document.  *See Economus v. City & Cty. of San*
19 *Francisco*, No. 18-CV-01071-HSG, 2019 WL 1483804, at *9 (N.D. Cal. Apr. 3, 2019) (finding
20 compelling reason to seal because the sealing request divulges sensitive information no longer
21 related to the case); *In re iPhone*, 2013 WL 12335013 (same).
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**III. CONCLUSION**

The Court **DENIES** the motion for sanctions. Dkt. No. 42. The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's administrative motion to file under seal. Dkt. No. 50. The Court **DIRECTS** Defendant to file public versions of all documents for which the proposed sealing has been denied within seven days of this order. Pursuant to Civil Local Rule 79-5(g)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 7/6/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge