UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL CHARLES,<br><br>    Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | Case No. 20-cv-07854-HSG<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 63 |

Pending before the Court is Defendant Target Corporation's motion for summary judgment. Dkt. No. 63. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

## I. BACKGROUND

Plaintiff Cheryl Charles initially filed this slip and fall case in San Mateo County Superior Court. *See* Dkt. No. 1, Ex. A ("Compl.") at 5.[1] Defendant removed based on diversity jurisdiction. *See* Dkt. No. 1. Plaintiff alleges that she slipped and fell while shopping at a Target store in Colma, California. *See* Compl. at 8. Plaintiff brings a single cause of action for premises liability. *See id.* at 8–9. Defendant now moves for summary judgment. *See* Dkt. No. 63-1 ("Mot.").

## II. LEGAL STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

---

[1] For ease of reference, the Court refers to the PDF pagination for the complaint rather than the document's internal pagination.

A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* But in deciding if a dispute is genuine, the court must view the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986), and "may not weigh the evidence or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).

With respect to summary judgment procedure, the moving party always bears both the ultimate burden of persuasion and the initial burden of producing those portions of the pleadings, discovery, and affidavits that show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will not bear the burden of proof on an issue at trial, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Where the moving party will bear the burden of proof on an issue at trial, it must also show that no reasonable trier of fact could not find in its favor. *Celotex*, 477 U.S. at 325. In either case, the movant "may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence." *Nissan Fire*, 210 F.3d at 1105. "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Id.* at 1102–03.

"If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103. In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. A nonmoving party must also "identify with reasonable particularity the evidence that precludes summary judgment," because the duty of the courts is not to "scour the

2

1  record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir.
2  1996). If a nonmoving party fails to produce evidence that supports its claim or defense, courts
3  must enter summary judgment in favor of the movant. *See Celotex*, 477 U.S. at 323.

**III.    DISCUSSION**

Under California law, an action for premises liability involves the same elements as an action for negligence. *See Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (Cal. 2001). A plaintiff must prove: (1) the defendant had a legal duty to exercise reasonable care; (2) the defendant breached that duty; (3) the defendant's breach caused the plaintiff's injury; and (4) the plaintiff suffered damages as a result. *See id.* "It is well established in California that although a store owner is not an insurer of the safety of its patrons, the owner does owe them a duty to exercise reasonable care in keeping the premises reasonably safe." *Id.*

Here, Defendant argues that there is no evidence that a dangerous condition existed at all. *See* Mot. at 6. And even if such a condition existed, Defendant urges that there is no evidence that it had actual or constructive notice of the condition. *See id.* Defendant further argues that Plaintiff's reliance on California Civil Code § 846 is misplaced because it does not impose any additional liability and is inapplicable to Plaintiff's shopping trip. *See id.* at 14. As discussed below, the Court finds that Plaintiff has raised at least one genuine dispute of material fact that precludes summary judgment.

**A.    HAZARDOUS CONDITION**

In an action for premises liability, a dangerous or hazardous condition is one that the owner should realize "involve[es] an unreasonable risk to invitees on [the] premises." *Ortega*, 26 Cal. 4th at 1206 (quotation omitted). Defendant argues that because Plaintiff did not identify the substance that she slipped on in the store, she cannot establish that a dangerous condition existed at all. *See* Mot. at 7.

In her deposition, Plaintiff testified that after she fell, she touched the floor and felt "a silkiness, almost like being on a waxed floor." *See* Dkt. No. 66-1, Ex. 2 ("Charles Depo.") at 93:15–22. She could feel it on her hand. *See id.* at 93:21–22, 94:6–10. However, she explained that at the time of the incident she couldn't see anything on her hand and didn't smell anything

3

either. *See id.* at 93:15–20, 108:12–15. According to Plaintiff, a Target employee approached her after she fell, touched the floor where she had fallen, and remarked that "[i]t feels like there's baby powder on the floor." *Id.* at 93:10–14, 107:11–24, 108:24–25. Plaintiff worked with Target employees to complete an incident report immediately following her fall, and the report states that there was baby powder on the floor. *See* Charles Depo. 110:24–111:1, 112:17–113:2; *see also* Dkt. No. 63-2, Ex. B ("Incident Report"). Plaintiff states that this information came from the Target employees. *See* Charles Depo. at 112:25–113:2. Defendant argues that Plaintiff's own testimony is insufficient on its own to raise a factual dispute, and that the incident report and employee statements are inadmissible hearsay.

First, Defendant describes Plaintiff's testimony as "speculation," insufficient to show there was a substance on the floor causing her to fall. *See* Mot. at 9. Defendant suggests that although Plaintiff may have felt something on the floor where she fell, that is not enough to raise a factual dispute where she acknowledged that she did not see or smell anything. *Id.* Defendant cites *Peralta v. Vons Companies, Inc.*, a slip-and-fall case in which the California Court of Appeal upheld an order granting summary judgment for the premises owner. 24 Cal. App. 5th 1030, 1037 (Cal. Ct. App. 2018).

The plaintiff in *Peralta* testified during her deposition that felt her foot slide "on some sort of oil or grease" as she fell to the floor. *See id.* at 1032. However, she acknowledged that she did not see anything on the floor either before or after her fall, and did not actually know if there was anything on the floor at all. *Id.* In the customer accident form that the plaintiff filled out after she fell, she also said she did not know if there was anything on the floor that caused her to fall. *Id.* The store's employee inspected the surrounding area after the fall, and similarly testified that she did not identify any substance on the floor that could have caused the incident. *See id.* at 1033, 1035. The court also noted that the plaintiff was wearing three- to four-inch heels, and none of her clothing was soiled or stained at the time of her fall. *See id.* In the face of this testimony, the court concluded that the plaintiff had failed to establish that the floor was dangerously slippery. *See id.* at 1035–36. As the court explained, "[w]ithout any evidence showing that a slippery substance was in fact on the floor at the time she fell, or that others had slipped in the same

4

1    location, there [wa]s no legitimate basis to support an inference that [the store's] breach caused
2    [the plaintiff] to fall." *See id.* at 1036.

3        Even if the Court found the reasoning in *Peralta* persuasive, the record here is not as clear.
4    Although Plaintiff acknowledged that she did not see or smell anything after she fell, *see* Charles
5    Depo. 108:12–18, she does not concede that the floor was clear of hazards. Rather, she testified
6    that she touched the floor and felt "a silkiness" on her hand immediately after she fell. *See id*. at
7    93:15–22. During her deposition, the employee who inspected the floor after Plaintiff's fall,
8    Jacqueline Short, simply did not recall the incident beyond what was depicted in the surveillance
9    video. *See* Dkt. No. 63-2, Ex. G ("Short Depo.") at 26:24–27:9, 28:19–29:25. However, Plaintiff
10   testified that Ms. Short remarked that it felt like there was baby powder on the floor. *See* Charles
11   Depo. 93:10–14, 107:11–24, 108:24–25. The incident report also states that someone indicated
12   that there was "[b]aby powder on [the] floor." *See* Incident Report.

13       Defendant argues that neither Ms. Short's alleged statements nor the incident report itself
14   are admissible as evidence that there was a hazardous condition on the floor. *See* Dkt. No. 67
15   ("Reply") at 2–5. Defendant contends that both the report and Ms. Short's statements are
16   inadmissible hearsay. *Id.* Defendant's assertion is not dispositive however, because "a district
17   court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying
18   evidence could be provided in an admissible form at trial, such as by live testimony." *See JL*
19   *Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016).

20       Here, Plaintiff offers several hearsay exceptions that may apply to this evidence. *See* Dkt.
21   No. 66 ("Opp.") at 9–11. As to Ms. Short's alleged statements, Plaintiff argues that they are
22   admissible as present sense impressions. *See id*. at 10. Under this exception, "[a] statement
23   describing or explaining an event or condition, made while or immediately after the declarant
24   perceived it" is admissible. *See* Fed. R. Evid. 803(1). Defendant responds that Plaintiff has
25   produced no evidence of the timing between when Ms. Short observed the floor and when she
26   made the alleged statement. *See* Reply at 4. However, Plaintiff testified that Ms. Short "made a
27   comment *when she touched the floor*" that "'[i]t feels like there's baby powder on the floor.'"
28   Charles Depo. 93:12–14 (emphasis added). This is consistent with the video footage of the

5

incident, which depicts Ms. Short feeling the ground with her hand. *See* Dkt. No. 63-2, Ex. C ("Surveillance Video"); *see also* Short Depo. 26:10–27:1, 29:3–18. Given this evidence, the present sense impression could readily apply to Ms. Short's statements.

As to the incident report, Plaintiff argues that this would be admissible as a recorded recollection. *See* Opp. at 11. A recorded recollection is "[a] record that: (A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; (B) was made or adopted by the witness when the matter was fresh in the witness's memory; and (C) accurately reflects the witness's knowledge." Fed. R. Evid. 803(5). Defendant does not explain why the report is inadmissible as a recorded recollection, and it appears to satisfy the requirements. During her deposition, Ms. Short stated that she could not recall what, if anything, she said to Plaintiff at the time of the incident. Short Depo. 28:19–29:21. Specifically, she said she could not recall "one way or the other" whether she said that it felt like there was baby powder on the floor. *See id.* Plaintiff testified, however, that the information in the incident report that there was baby powder on the floor came from the employee who responded to her fall. *See* Charles Depo. at 112:25–113:2.[2] And the report was signed and dated the same day as the incident. *See* Incident Report. Plaintiff further testified that she helped complete the form after her fall. *See, e.g.*, Charles Depo. at 100:20–101:17.

The Court finds that it may therefore consider Plaintiff's testimony, Ms. Short's alleged statements, and the incident report because the evidence could be submitted in an admissible form at trial. Drawing all inferences in the light most favorable to Plaintiff, as the Court must at this stage, the Court finds that Plaintiff has raised at least one genuine dispute of material fact regarding the existence of a hazardous condition in the store.

**B.  ACTUAL OR CONSTRUCTIVE NOTICE**

To establish causation in an action for premises liability, "an owner must have actual or

---

[2] A number of the questions on the form are framed as soliciting information from "you" (*i.e.*, the customer who fell). *See* Incident Report (including such prompts as "Guest Description of what happened," "Are your clothes wet or damaged?," "What type of shoes are you wearing?," and "Were you injured?"). So a jury might question the credibility of Plaintiff's recollection. But whether there ends up being a sufficient foundation for this document as a past recollection recorded ultimately will depend on the resolution of factual disputes.

1    constructive notice of the dangerous condition." *Ortega*, 26 Cal. 4th at 1203. To meet that
2    burden, the plaintiff may show that the hazardous condition existed long enough for the owner to
3    have discovered and corrected it. *See id.* at 1207 ("The owner must inspect the premises or take
4    other proper action to ascertain their condition, and if, by the exercise of reasonable care, the
5    owner would have discovered the condition, he is liable for failing to correct it."). Thus, if a
6    plaintiff "can show that an inspection was not made within a particular period of time prior to an
7    accident, [she] may raise an inference that the condition did exist long enough for the owner to
8    have discovered it." *Cardoza v. Target Corp.*, No. CV172232MWFRAOX, 2018 WL 3357489, at
9    *3 (C.D. Cal. June 22, 2018), *aff'd*, 765 F. App'x 360 (9th Cir. 2019) (citing *Ortega*, 26 Cal. 4th at
10   1212–13).

11   Plaintiff points to the surveillance video, which shows that Defendant did not inspect or
12   perform any maintenance in the area where she fell for at least 27 minutes prior to the incident.
13   *See* Dkt. No. 66-1, Ex. 4 ("Moore Depo. Vol. II") at 172:1–13; Dkt. No. 66-1, Ex. 7 ("Vierra
14   Depo.") at 50:12–51:13; *see also* Surveillance Video. Plaintiff further asserts that there is no
15   evidence that Target followed its own maintenance policies, including daily inspections, "dust-
16   mopping," and logging maintenance activities. *See* Opp. at 5; *see also* Vierra Depo. at 92:14–
17   93:12.

18   Defendant nevertheless argues that this is insufficient to show that it had either actual or
19   constructive notice of any hazardous condition in the store because there was no "visible
20   evidence" of the alleged hazard. *See* Reply at 5–6. Defendant notes that people did not see
21   anything on the floor and no one else fell in the area. *See id.* Defendant thus urges that even if it
22   had inspected the floor, it would not have seen any substance or known there was a dangerous
23   condition on the floor. The nature and obviousness of the hazard, however, are for the factfinder
24   to decide. *See Ortega*, 26 Cal. 4th at 1209. Defendant is free to raise these arguments at trial, but
25   these are plainly issues for the jury. Again, the Court finds that at least one genuine dispute of
26   material fact precludes summary judgment.

27   **C.   CALIFORNIA CIVIL CODE § 846**
28   In the complaint, Plaintiff alleges that Defendant's conduct was both negligent and

"willful." *See* Compl. at 9. Plaintiff checked the box on the form for "willful failure to warn" under California Civil Code § 846. *Id.* Defendant urges that the Court enter partial summary judgment as to this allegation because § 846 is inapplicable here. *See* Mot. at 14.

Section 846 states:

> (a) An owner of any estate or any other interest in real property, whether possessory or nonpossessory, owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on those premises to persons entering for a recreational purpose, except as provided in this section.
>
> (b) A "recreational purpose," as used in this section, includes activities such as fishing, hunting, camping, water sports, hiking, spelunking, sport parachuting, riding, including animal riding, snowmobiling, and all other types of vehicular riding, rock collecting, sightseeing, picnicking, nature study, nature contacting, recreational gardening, gleaning, hang gliding, private noncommercial aviation activities, winter sports, and viewing or enjoying historical, archaeological, scenic, natural, or scientific sites.
>
> . . .
>
> (d) This section does not limit the liability which otherwise exists for any of the following:
> (1) Willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity.
> (2) Injury suffered in any case where permission to enter for the above purpose was granted for a consideration other than the consideration, if any, paid to said landowner by the state, or where consideration has been received from others for the same purpose.
> (3) Any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner.

Cal. Civ. Code § 846.

By its terms, § 846 confers limited immunity to landowners for claims of premises liability "to allow the general public to recreate free of charge on privately owned property." *Delta Farms Reclamation Dist. v. Superior Court*, 33 Cal. 3d 699, 707 (Cal. 1983) (emphasis omitted). As such, § 846 appears to be an affirmative defense that defendants may raise where plaintiffs have entered the premises "for any recreational purpose." This immunity, however, does not extend to landowners' "willful or malicious failure to warn." *Klein v. United States of Am.*, 50 Cal. 4th 68, 81 (Cal. 2010). Defendant in this case argues that because shopping is not a "recreational

8

1  purpose" under the statute, § 846 is wholly inapplicable.  *See* Mot. at 14.

2        The Court agrees that it is not clear what—if any—applicability § 846 has to this case.

3  Plaintiff, however, appears to argue that notwithstanding § 846, Defendant may still be held liable

4  for any willful failure to warn.  *See* Opp. at 17.  To establish willful failure to warn, a plaintiff

5  must show: (1) the owner had actual or constructive knowledge of a hazardous condition; (2) the

6  owner had actual or constructive knowledge that injury was probable as a result of the condition;

7  and (3) the owner consciously failed to act to avoid or correct this condition.  *See New v.*

8  *Consolidated Rock Products Co.*, 171 Cal. App. 3d 681, 689–90 (Cal. Ct. App. 1985).  Defendant

9  does not challenge—or even reference—Plaintiff's ability to prove these elements.  To the extent

10 Plaintiff contends that Defendant's conduct was willful, the Court finds that there are also disputes

11 of fact that would preclude summary judgment on this basis as well.

## IV.   CONCLUSION

Accordingly, the Court **DENIES** the motion for summary judgment.  The Court further **SETS** a telephonic case management conference on October 25, 2022, at 2:00 p.m.  All counsel shall use the following dial-in information to access the call:

Dial-In:  888-808-6929;

Passcode:  6064255

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.  The Court **DIRECTS** the parties to meet and confer and submit a joint case management statement by October 18, 2022.  The pretrial and trial schedule remains in place.

**IT IS SO ORDERED.**

Dated:  10/6/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

9